Rueein, Judge.
 

 If the money raised upon the two executions is to he applied to each in proportion to the debt, that in which
 
 Samuel Child
 
 is a defendant is satisfied thereby, and by the payment of the sum of
 
 $715,
 
 af-terwards made by him. The creditor contends, that his execution against the two shall be first satisfied, so as to throw the whole unpaid balance upon the other.
 

 No authority has been adduced in support of the position ; nor do I perceive any principle on which to place it
 

 It is not the question, what the creditor might have -done, or the sheriff. But the controversy is, what is the effect of what has been done by each of them. No doubt
 
 *267
 
 the creditor could have enforced the entire satisfaction of the small debt by withholding his larger execution, un- .
 
 '
 
 til that was done. And there is no doubt also, that after both were delivered to the sheriff, that officer miglrthave proceeded to satisfy the whole execution against the three, out of the property of
 
 Samvel Child,
 
 and thereby leftthe «state of the other two open to the other writ. This indeed places a discretionary power in the sheriff’s hands; according to the exercise of which, the one debt will be wholly or partially satisfied. This is necessarily so, where the one writ is against one person, and the other against that person and another ; for each defendant is liable for the whole. And it is a power which the party cannot control by directions. The officer is govered by the mandate and force of the writ. But the sheriff may first seize and sell, under both writs, the estate of him who is defendant in both. If lie does, the estate' of him who is defendant in but one is liable only for the balance duo upon that execution, after the legal application of the money before raised. The question then is, what is a due application of that money ? '
 

 If the two executions were at the suit of different plaintiffs, (on which, by the way, the sheriff has the same discretionary power as that above mentioned,) there is no doubt that each would bo entitled to its share of the money. I can discover no difference, where there is the same plaintiff in both. The writs create certain well known liens, and entitle the plaintiff, where there is conflicting process, to certain portions of the money raised upon the two jointly. If the sheriff seize only the estate of him who is defendant in both, and each has an equal lien, arid is entitled to a proportion of the fund, and sell that estate ; the seizure and sale satisfy both' writs
 
 pro tanto.
 
 If the sheriff thus apply the money, what complaint has the plaintiff ? If they are different persons, manifestly none ; for he whose execution is only against one gets his shai’C of
 
 his debtor’s
 
 estate. If there be the same plaintiff, he has as little r for the estate of him who is the •debtor in both has been applied to each as the law directs ; and the balance upon the execution against that
 
 *268
 
 defendant and another is satisfied out of the estate of the latter. There could be no action against tlie sheriff for thus dividing the money raised on both, out of the effects of him against whom both run. But if directions from' the party could control, there were none here$ and the sheriff appropriated the money by his return; The subsequent act of the plaintiff, even with the sheriff’s assent, could not alter itbecause the writ was already satisfied
 
 pro
 
 tanto• It is true of debts generally, that the creditor may apply themoney,if the debtor does not direct a special application, to which of the two debtshe chooses. But the very act of raising money on an execution is an application of it to that debt, according to the legal effect of the execution. I say raised on it, because, as I have already remarked, the sheriff
 
 may,
 
 where an execution is against two, satisfy it out of the estate of either. But the creditor, who has two debts, can keep the control of both in his own hands, only by holding up one of the executions. If he deliver both, he places it in the power of the sheriff to act upon both, against the property of him who is defendant in both
 
 ;
 
 and the
 
 money
 
 levied on both is equally applicable to both; indeed is applied in the very act of raising it.
 

 Per Curiam. — -Judgment aeeirmer.